BENJAMIN TAKENAKA, Plaintiff, *v.* BANKERS TRUST COMPANY, Defendant.

City Court of New York, New York County, May 29, 1928.

Banks and banking — forged checks — action against bank to recover amount of checks which were forged with plaintiff's name and paid by defendant — plaintiff left examination of canceled vouchers to regularly employed public accountant — plaintiff cannot be charged with negligence or omission of ordinary care, under circumstances — defendant bank is liable.

In this action against defendant bank to recover the amount of checks which were forged with plaintiff's name by a former employee, and paid by defendant, it

appears that while plaintiff himself did nothing to discover whether any of his canceled checks had been forged, he did leave the examination of the canceled vouchers to a regularly employed public accountant, who testified that he compared the returned vouchers with the check book and finding it to agree with the checks, made no further examination. The forged checks were actually used by the accountant in making his comparison.

Since plaintiff took steps, by the employment of a competent person to apprise him of the true state of his account, he cannot be charged with negligence or the omission of ordinary care, notwithstanding the fact that the examination by his employee was not so thorough as it might have been. Plaintiff did not neglect to do the things dictated by ordinary business prudence, and since extraordinary diligence is not required, defendant, under the circumstances, must be held liable.

MOTION by plaintiff for direction of verdict in action against bank for loss due to payment of forged checks.

*Alfred W. Andrews,* for the plaintiff.

*William J. McArthur,* for the defendant.

RYAN, J. Plaintiff was a depositor with the defendant bank and between April 15 and July 15, 1927, checks aggregating $1,685 were forged with the plaintiff's name and paid by the defendant. The forgery was committed by a former employee of the plaintiff and was not discovered until the latter part of July, 1927. Canceled vouchers were received by the plaintiff in regular course and he himself testified that between the dates mentioned he did not make any personal examination of his canceled vouchers and he gave no attention to those matters, leaving them entirely to his regularly employed auditor to make the examination of the canceled vouchers. The auditor testified that he was a public accountant and made monthly examinations of the plaintiff's banking transactions; that he checked the checks as they came from the bank with the cash book and verified that amount with the bank's statement; that he examined the canceled checks, all of which were entered in the cash book, and that that was the usual monthly procedure followed. The cash book contained the check numbers, the date of the check, the payee, the amount and classification of the expenditure, the same information as was contained on the stub of the check book. He did not, however, examine the checks with respect to the signature and he testified further that he would know the signature if he had looked particularly at it for the purpose of identification. In addition to the monthly services it appears that there was also a quarterly examination at which he and the plaintiff discussed matters to determine whether the checks were for the business or for his personal expenses, and with this in view each check was gone over as it was entered in the cash book. Plaintiff himself did absolutely nothing to discover whether any of his canceled

checks had been forged or not. This case differs from several of the authorities cited in the briefs of counsel, in that here the forged checks themselves had not been abstracted, but were actually used by the auditor in making his comparison. The forgery in this case extended over a period of three and one-half months and was only discovered when the plaintiff was notified by the bank that his account had been overdrawn. The question presented is whether or not the plaintiff exercised ordinary care in examining his canceled vouchers and statements and made the necessary comparisons. The defendant set up a separate and distinct defense alleging negligence and carelessness on the part of the plaintiff in failing to make an examination of the statements rendered and an examination of the proper ordinary comparisons of the checks and statements with his check book. The law is well settled in this State that a bank is bound to know the signature of its depositor and cannot pay out its depositor's money except upon the valid and genuine checks of the depositor, but it is nevertheless equally well settled that the depositor owes a duty to the bank to make a reasonable examination of his canceled vouchers as they are returned by the bank and the comparisons necessary to check up his monthly balances. Hence, though the bank is primarily liable in the event it pays out its depositor's money upon his forged signature, yet if plaintiff negligently omitted to make any examination of his account and vouchers as returned from the bank, which examination would have disclosed the forgery, he would be estopped from questioning the accounts as rendered. (*Frank* v. *Chemical Nat. Bank*, 84 N. Y. 209.) This duty, however, calls for no more than the exercise of ordinary care. It does not devolve upon the depositor to personally examine the vouchers and accounts. He may intrust the matter to employees who have proved themselves competent and trustworthy. (*Frank* v. *Chemical Nat. Bank, supra; Shipman* v. *Bank of State of N. Y.*, 126 N. Y. 318.) And where the depositor employs an expert accountant to examine his books every month and to report to him the result of such examination, and the accountant goes through the books and examines the returned vouchers with the check book, but, upon finding same to agree with the checks as drawn, does not examine further, it has been held that the plaintiff had discharged his full duty to the bank. (*Clark* v. *Nat. Shoe & Leather Bank*, 32 App. Div. 316.) Thus upon the theory that when the plaintiff has taken steps by the employment of competent persons to apprise him of the true state of his business and accounts, he cannot be charged with negligence or the omission of ordinary care, even though the examination by the employee was not carried as far as it might have been. Extraordinary diligence

is not required. In other words, the depositor's duty to the bank is discharged when he exercises such diligence as is required by the circumstances of the particular case. The bank committed the first fault and cannot visit the consequences thereof upon the depositor by requiring of him a degree of vigilance and care beyond that of an ordinarily prudent business man. It does not seem to me that, under the circumstances disclosed here, the plaintiff is chargeable with negligence. He has not neglected to do the things dictated by ordinary business prudence. The plaintiff's motion for a direction of the verdict should be granted, with interest and costs.